UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO EMILIANO GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:23-cv-00903-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 12). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

Plaintiff presents the following issues:

1. The ALJ's RFC determination is not supported by substantial evidence because he failed in his duty to complete the record and obtain an opinion of Plaintiff's mental RFC from an examining physician.

2. The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints.

1  (ECF No. 15, p. 12).

2  Having reviewed the record, administrative transcript, parties' briefs, and the applicable
3  law, the Court finds as follows.

4  **I.  ANALYSIS**

5  **A.  RFC and Failure to Develop the Record**

6  Plaintiff challenges the following RFC formulated by the ALJ:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non exertional limitations: he can perform simple and routine tasks. He can have occasional necessary contact with coworkers and supervisors, and no necessary contact with customers. He can set goals and plans with occasional help.

(A.R. 21).

Plaintiff argues that "the ALJ did not have the opinion of any examining physician regarding Plaintiff's mental conditions" and "only considered opinion evidence that did not consider the full record," meaning "the ALJ improperly interpreted the medical evidence of severe mental impairments, changing treatment, and continued symptomology to formulate an unsupported RFC." (ECF No. 12, pp. 7-8). Plaintiff contends that "[t]he ALJ had a duty to independently develop the record and obtain an updated medical opinion." (*Id.* at 8). Defendant argues that the ALJ properly relied on the findings of state agency psychological consultants, and the record as a whole, in formulating the RFC and the ALJ had no duty to obtain an updated opinion. (ECF No. 14, pp. 5-8).

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). And

"because it is the ALJ's responsibility to formulate an RFC that is based on the record as a whole, . . . the RFC need not exactly match the opinion or findings of any particular medical source." *Mills v. Comm'r of Soc. Sec.*, No. 2:13-CV-0899-KJN, 2014 WL 4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014).

In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

Although Plaintiff complains that the ALJ did not have an examining physician review all the evidence and render an opinion on Plaintiff's functional capacity, the ALJ was not required to do so. *Hogan v. Kijakazi*, No. 1:20-CV-01787-SKO, 2022 WL 317031, at *10 (E.D. Cal. Feb. 2, 2022) (noting no "rule of general applicability that an ALJ must obtain an examining opinion in every case before rendering an RFC determination"). Moreover, in formulating the RFC, the ALJ, as required, considered the record as a whole, including Plaintiff's medical records, subjective complaints, and most pertinent here, the findings of medical professionals who reviewed portions of the record:

> On June 19, 2021, after a review of the medical record, State agency medical consultant psychologist Joseph Leizer, Ph.D. opined that the claimant was able to understand and remember short and simple job instructions, locations, and procedures. He was able to concentrate, persist, and carry out simple job duties, maintain attendance, sustain ordinary routines, work around others without being unduly distracted by them, make simple work-related decisions, and meet simple production requirements. He was able to interact appropriately with others, within acceptable tolerances, ask simple questions for assistance, adapt to supervisory critical feedback, and meet usual standards for dress and hygiene. He was able to adapt to simple and infrequent changes and stresses in the workplace, avoid normal hazards, arrange for transportation as needed, and set goals and plans with occasional help (Exhibit 1A, p. 13). On September 9, 2021, after a review of the medical record, State agency medical consultant psychologist Paul Klein, Psy.D. affirmed the findings of Dr. Leizer (Exhibit 3A, p. 12). *These prior administrative medical findings, as consistent with the above-cited residual functional capacity, were supported by the medical record (Exhibits 1F, pp. 10, 14, 16; 2F, pp. 33, 30,*

> *28, 26, 17, 15, 11, 8; 10F, pp. 39, 10, 7, 2; 4F, pp. 20-21; 9F, pp. 4-5). These findings were generally consistent with the overall record (Exhibit 4E). They were* ***persuasive.*** *The language of simple and infrequent changes was not adopted, as it was vague and unquantified, and of little probative value.*

(A.R. 23-24) (emphasis added).

While Plaintiff points out that the state medical consultants did not review all the medical evidence, this does not render the RFC unsupported. *Maliha K. v. Saul*, No. 8:19-CV-00877-MAA, 2020 WL 2113671, at *6 (C.D. Cal. May 4, 2020) ("[T]he fact that a non-examining state agency physician fails to review the entire record does not, by itself, mean that his or her opinion cannot serve as substantial evidence."). Notably, "there is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time." *Owen v. Saul*, 808 F. App'x 421, 423 (9th Cir. 2020) (unpublished). "ALJs need not seek the opinion of a medical expert every time they review new medical evidence and make a RFC determination." *Bufkin v. Saul*, 836 F. App'x 578, 579 (9th Cir. 2021) (unpublished).

Additionally, Plaintiff's contention that the ALJ interpreted "raw medical data" fails for two reasons. (ECF No. 16, p. 12). First, as a general matter, there "is a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Second, there is nothing to show that the ALJ made explicit medical judgments based on the raw data from the record. *See Chao v. Astrue*, No. 2:10-CV-01972 KJN, 2012 WL 868839, at *11 (E.D. Cal. Mar. 13, 2012) (noting that an ALJ cannot go outside record to make his own exploration and assessment of a claimant's medical condition). Rather, the ALJ's opinion was largely based on the fact that medical professionals reported normal findings from Plaintiff's mental status examinations. (A.R. 22-23).

Lastly the Court notes that Plaintiff offers no developed argument to show that additional functional limitations were warranted in the RFC. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) (rejecting challenge to RFC determination where the claimant did "not detail what other physical limitations follow from the evidence of his knee and shoulder

injuries, besides the limitations already listed in the RFC"). Accordingly, the Court does not find the RFC to be unsupported based on the ALJ not further developing the record by obtaining an examining opinion.

### C. Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ failed to provide specific, clear and convincing reasons to reject his subjective complaints. (ECF No. 12, pp. 8-10). Defendant argues that the ALJ's reasoning was sufficient to discount Plaintiff's subjective complaints. (ECF No. 14, pp. 8-11).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Accordingly, our next task is to determine whether the ALJ's adverse credibility finding of Carmickle's testimony is supported by substantial evidence under the clear-and-convincing standard.").

As to Plaintiff's subjective complaints, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected cause the alleged symptoms." (A.R. 21). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the

1 Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial
2 evidence, for not giving full weight to Plaintiff's symptom testimony.

3 Here, the ALJ summarized Plaintiff's medical treatment, acknowledging along the way
4 Plaintiff's complaints, such as depression and anxiety, but also noting that Plaintiff's mental
5 status examinations were mostly normal, that he failed to take his medications, and that he
6 recently reported new employment. (*See, e.g.*, A.R. 22 – (1) "On October 15, 2019, the claimant
7 received treatment for depression and anxiety. His speech was soft. His mood was sad, and his
8 affect was anxious and sad. A mental status examination was otherwise normal"; (2) "On July 1,
9 2021, the claimant reported that he was not seeing a psychiatrist and he was not taking his
10 psychotropic medication any longer"; and (3) "In October 20[2]1, the claimant stated he was
11 taking Wellbutrin, and he was doing okay. He had some anxiety. He had a new job that he would
12 be starting. He reported seeing a psychiatrist and therapist (Exhibit 9F, p. 4)."). Further, the ALJ
13 concluded that "the objective medical evidence . . . failed to support the alleged severity of
14 symptoms and degree of limitation." This was proper; even though the lack of supporting
15 evidence cannot be the sole basis to discount testimony, it can be a factor. *See Rollins v.*
16 *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be
17 rejected on the sole ground that it is not fully corroborated by objective medical evidence, the
18 medical evidence is still a relevant factor in determining the severity of the claimant's pain and its
19 disabling effects."). Moreover, the ALJ properly relied on evidence inconsistent with disability to
20 discount Plaintiff's complaints, *e.g.*, normal mental status examinations. *See Carmickle*, 533 F.3d
21 at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's
22 subjective testimony.").

23 Likewise, the ALJ addressed the third-party function report of Plaintiff's mother:

24 The claimant's mother, Erica Diaz, provided a third-party function report in May
2021 that includes statements regarding the claimant's activities of daily living and
25 alleged functional limitations (Exhibit 4E). These statements indicate the claimant
is taking Trazodone, Bupropion, and Abilify. She indicates the claimant is affected
26 by his impairments in the areas of talking, remembering, completing tasks,
27 concentrating, understanding, and following instructions. The claimant can pay
attention for 15 minutes and he does not finish what he starts. He gets distracted
28

easy and does not follow spoken instructions well because he needs things to be repeated. He gets along well with authority figures and others. He takes time to adjust to changes in routine. He does not like to be alone, and he gets nightmares. He cares for his personal needs, needs reminders to change clothes and shower, gets cell phone and frig calendar reminders for grooming and medication, prepares his own meals, cleans his room, makes bed, puts dirty clothes in hamper, vacuums bedroom and living room, he goes out occasionally, he walks and rides in cars for transportation, he shops in stores, counts change, draws, watches movies, and spends time with family. A family member takes him to get a haircut or wash. The claimant is talkative. This statement is at odds with the conservative treatment and inconsistent medication compliance in the record, normal mental examinations, and generally full range of activities. The work history of the claimant shows that he worked long enough.

(A.R. 23).

The ALJ's reasoning to discount this report, *e.g.*, Plaintiff's ability to generally engage in a full range of activities, likewise applies to the similar subjective complaints that Plaintiff testified to at his hearing, including his inability to focus, trouble staying on task, and need for reminders. (A.R. 36, 38, 41); *see Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by statute* ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

In short, the Court concludes that the ALJ provided legally sufficient reasons to reject Plaintiff's subjective complaints.

## II.  CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated:  **December 5, 2023**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE